**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | | | |
|---|---|---|---|
| **JOHNNY KUYKENDALL** | * | | |
| **Plaintiff** | * | | |
| **v.** | * | **Case No.:** | **1:17-cv-03098-RDB** |
| **STATE OF MARYLAND**, et al. | * | | |
| **Defendants** | * | | |

## DEFENDANT WEXFORD HEALTH SOURCES, INC.'S
## MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant Wexford Health Sources, Inc. ("Wexford"), by and through its attorneys, Joseph B. Chazen, Gina M. Smith, Samuel T. Wolf, and Meyers, Rodbell & Rosenbaum, P.A., files this Memorandum in Support of its Motion for Summary Judgment and states:

## I.     UNDISPUTED MATERIAL FACTS

Plaintiff Johnny Kuykendall was an inmate at the Baltimore City Detention Center on January 23, 2014. ECF 2 at ¶ 2. That day, Kuykendall fell in the bathroom and injured his hand by hitting it on a sink during his fall. *Id.* at ¶ 22. At the time of Kuykendall's injury and through the remainder of his incarceration, Defendant Wexford Health Sources, Inc. provided primary health care services to Maryland inmates in Department of Public Safety and Correctional Services facilities through a contract with the State. *Id.* at ¶ 18. The complaint in this action alleges that, from the outset, he never received proper care for his injury.

Sick call request forms that Kuykendall submitted to prison medical staff show that he knew of his alleged medical injury by January 30, 2014. On that date, Kuykendall submitted a sick call request form stating:

> Broke my hand last Thursday. Dr. said they was going to x-ray hand
> on Monday. Here it is 1 week later still no x-ray. I'm not getting
> proper medical treatment. Hand should have already been x-rayed.

**Exhibit 1** at WEXFORD-000965. On February 20, 2014, Kuykendall submitted a sick call request stating:

> I broke my hand 4 weeks ago. I finally got an x-ray on 2-16-14. I
> request to have my hand fixed now or I'm going to get my people to
> contact a lawyer and sue you for lack of medical treatment. 4 weeks
> for x-ray come on!!

*Id.* at WEXFORD-000968. On May 29, 2014, Kuykendall submitted a sick call request stating:

> Broke hand long time ago, hand hurt all the time, need surgery said
> I was scheduled for surgery/ When? Not getting proper medical
> treatment for hand or Hep-C will contact lawyer.

*Id.* at WEXFORD-000979. And on September 20, 2014, Kuykendall submitted a sick call request stating:

> I want to be treated for my Hep-C, I'm having trouble with my liver.
> I've been here for 17 months and the Doctor lied to me and said that
> they don't treat Hepatitis here. That was a lie because I knew
> somebody that was being treated for Hep-C. I'm so tired of the
> medical dept [illegible] not giving me proper treatment, if your [sic]
> not going to treat me for my Hep-C or schedule me for surgery on
> my hand then give me copies of my medical records so I can send
> them to my attorneys.

*Id.* at WEXFORD-000985-86. Kuykendall submitted all of these sick call requests more than three years ago.

Kuykendall died on February 23, 2016 in Martinsburg, West Virginia. **Exhibit 2**. Kuykendall's complaint was not filed until February 1, 2017, more than 11 months after he died. The complaint was filed in Kuykendall's own name, not in the name of any personal representative on behalf of his estate. Additionally, Kuykendall's complaint was filed three years and two days

after he submitted the January 30, 2014 sick call request complaining that he had not received medical care for his fractured hand.

## II.    STANDARD OF REVIEW

The Court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Facts are material if they "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute as to a material fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* To avoid summary judgment, the nonmoving party "must demonstrate that a triable issue of fact exists" using admissible evidence and "may not rest upon mere allegations or denials." *Wilkins v. Montgomery*, 751 F.3d 214, 220 (4th Cir. 2014) (citation omitted).

## III.    ARGUMENT

The Court should enter summary judgment in Wexford's favor because the complaint is a nullity. *See Brantley v. Fallston Gen. Hosp., Inc.*, 333 Md. 507, 512 & n.4 (1994) (explaining that an appeal filed by an attorney after his client's death is a nullity, and the attorney has no authority to institute an action on behalf of a dead client). There is no plaintiff. Kuykendall could not have filed suit because he died almost a year earlier. Regardless of whether Maryland or West Virginia law applies,[1] a personal injury cause of action survives a decedent's death, but it can be brought only by the personal representative of the decedent's estate. Md. Est. & Trs. Code Ann. § 7-401(y); W. Va. Code § 55-7-8a(c). This action was brought on Kuykendall's behalf and in his own name; it was not brought by a personal representative on behalf of Kuykendall's estate.

---

[1] Fortunately, no choice of law analysis is necessary, despite the fact that Kuykendall died in West Virginia. The relevant laws of Maryland and West Virginia appear to be the same.

Furthermore, the Court cannot allow the personal representative of Kuykendall's estate—if there is one—to be substituted for Kuykendall, nor can a personal representative file a new action to pursue a claim that survived Kuykendall's death. Again, Kuykendall's complaint is a nullity because Kuykendall, being dead, could not have filed it. A personal representative cannot now be substituted into the case and cannot ratify the filing of the complaint because "there [is] nothing to ratify, the [complaint] having been a nullity." *Brantley*, *supra*, 333 Md. at 512 n.4 (quoting *Switkes v. John McShain*, 202 Md. 340, 350 (1953).

A personal representative could not file a new action to pursue the cause of action that belonged to Kuykendall before his death because the statute of limitations expired months ago. This Court must apply Maryland law for the applicable statutes of limitations. All of the state-law claims seek to recover for injury "arising out of the rendering of or failure to render professional services by a health care provider, as defined by [Md. Cts. & Jud. Proc. Code Ann.] § 3-2A-01," and are subject to a three-year limitations period running from the date the injury was discovered. Md. Cts. Jud. Proc. Code Ann. § 5-109(a)(2).[2] To the extent that Kuykendall asserts a claim under 42 U.S.C. § 1983, that claim is subject to Maryland's general three-year statute of limitations for personal injury actions.[3] Md. Cts. & Jud. Proc. Code Ann. § 5-101. It is indisputable that Kuykendall knew of his medical injury no later than February 20, 2014, when he submitted a sick call request stating he had not received proper medical care and threatening to sue for lack of

---

[2] *See Jacobson v. Sweeney*, 891 F. Supp. 2d 773, 779 n.2 (D. Md. 2012) (explaining that, this Court applies Maryland's statute of limitations to state-law claims).

[3] In all cases brought under 42 U.S.C. § 1983, a federal court borrows the forum state's general statute of limitations for personal injury actions. *Tommy Davis Constr., Inc. v. Cape Fear Public Utility Auth.*, 807 F.3d 62, 66-67 (4th Cir. 2015).

medical treatment. Even if the original complaint was filed timely,[4] because the complaint is a nullity, it does not toll the statute of limitations. *Burket v. Aldridge*, 241 Md. 423, 430-31 (1966). And even if a personal representative were to try to file a new complaint pursuing Kuykendall's claim, the action is now time-barred.

## IV.    CONCLUSION

The Court should enter summary judgment in Wexford's favor because there is no plaintiff, the complaint is a nullity, and no personal representative could be substituted into the case or file a new complaint on behalf of Kuykendall's estate because the limitations period has expired.

Respectfully submitted,

**MEYERS, RODBELL & ROSENBAUM, P.A.**

/s/ Joseph B. Chazen
Joseph B. Chazen, No. 03154
jchazen@mrrlaw.net

/s/ Gina M. Smith
Gina M. Smith, No. 22425
gsmith@mrrlaw.net

/s/ Samuel T. Wolf
Samuel T. Wolf, No. 17533
swolf@mrrlaw.net
6801 Kenilworth Avenue, Suite 400
Riverdale, Maryland  20737
(301) 699-5800
(301) 779-5746 Facsimile
*Attorneys for Wexford Health Sources, Inc.*

---

[4] Based on Kuykendall's January 30, 2014 sick call slip, it appears that his complaint would have been barred by the statute of limitations even if he had not died.